CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 16, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY GENE HARLESS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00573 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RANDAL C. LOWE, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) |      United States District Judge |
| Defendants. | ) | |

Plaintiff Larry Gene Harless Jr. ("Plaintiff"), a Virginia inmate proceeding *pro se,* filed this civil-rights action under 42 U.S.C. § 1983 on August 18, 2025, in the United States District Court for the Western District of Virginia against three individuals with the Washington County Circuit Court. (*See* Compl. [ECF No. 1].) This matter is before the Court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's claims will be dismissed for failure to state a claim for which relief may be granted.

In his complaint, Plaintiff alleges that the Defendants violated his right to due process and the 4th, 5th, 6th, and 14th Amendments on February 15, 2022, in Washington County Circuit Court. (Compl. 2.) Specifically, he claims that "an Commonwealth's Attorney's, decided guilt for, Larry Gene Harless, Jr., For one year imprisonment, on 2 years' probation, without a signed Plea Agreement or open court Guilty Plea under camera." (*Id.* [*sic* throughout].) Aside from listing the three named defendants on the form complaint, they are not otherwise mentioned in Plaintiff's pleading, nor does he identify the Commonwealth's Attorney in question.

Case 7:25-cv-00573-TTC-JCH     Document 5     Filed 09/16/25     Page 2 of 4     Pageid#: 12

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion of thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267 (4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court liberally construes the allegations in his favor and should not dismiss his claims unless "'it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief.'" *Shaw v. Foreman*, 59 F.4th 121, 126–27 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil-rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws"

of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in his favor, he has failed to allege facts showing that any defendant violated his constitutional rights. The court must therefore dismiss his claims. *See* 28 U.S.C. § 1915A.

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of his constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). Plaintiff did not allege a personal connection between any of the Defendants and the alleged violation of his rights, and he cannot rely merely on the allegation that "an Commonwealth's Attorney" violated his rights without identifying the Commonwealth's Attorney and the conduct that allegedly gives rise to liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable but must identify specific acts or conduct taken by each defendant

to state a claim." (cleaned up)). Therefore, the court will dismiss his claims under 28 U.S.C. § 1915A.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 16th day of September, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] While the court would ordinarily offer Plaintiff the opportunity to cure the deficiencies noted by filing an amended complaint, it appears that all defendants are court officers, either as prosecutors or judicial staff, and are likely protected by judicial, quasi-judicial, and/or prosecutorial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (discussing judicial immunity); *Harbeck v. Smith*, 814 F. Supp. 608, 629–30 (E.D. Va. 2011) (quasi-judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 420–21 (1976) (prosecutorial immunity). Additionally, insofar as Plaintiff's claims challenge his underlying state conviction, his action appears barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .").